UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

VAN PHILIP EAST, JR.                                                            PLAINTIFF

VS.                                          CIVIL ACTION NO. 1:19-CV139-GHD-RP

WALGREEN CO.                                                   DEFENDANT

---

OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Presently before the Court is the Defendant's motion for summary judgment [51] in this employment discrimination matter. Upon due consideration and for the reasons set forth below, the Court finds that the motion should be granted and the Plaintiff's remaining claim dismissed.

**I.**     **Background**

The Plaintiff, a white male pharmacist born in 1938, was employed by the Defendant Walgreen Company ("Walgreens") as a pharmacist in Aberdeen, Mississippi, beginning in May 2018. Walgreens terminated the Plaintiff's employment on December 4, 2018, after a lower-level female coworker reported that the Plaintiff, *inter alia*, started rubbing his groin in front of her and asked her to come sit in his lap to see if that would help with pain he was suffering in his groin area. [Doc. 51-1, at pp. 5-6]. Walgreens investigated the incident, interviewed the Plaintiff and the female employee, determined that the conduct violated Walgreens' policies regarding harassment in the workplace, and terminated the Plaintiff's employment. [*Id.*]

On January 14, 2019, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging gender and age

discrimination. [Doc. 51-11]. The EEOC, after noting that the Plaintiff did make comments to female co-workers that were perceived as sexual in nature and that Walgreens took appropriate action in investigating and terminating the Plaintiff's employment, issued the Plaintiff a Right to Sue letter [Docs. 51–12 and 51-13], and the Plaintiff timely filed his complaint in this matter [Doc. 2]. In his complaint, the Plaintiff alleges both age discrimination under the Age Discrimination in Employment Act ("ADEA") and gender discrimination under Title VII. The Plaintiff has now conceded his Title VII gender discrimination claim [Doc. 59, at p. 1], thus leaving his age discrimination claim as his sole remaining cause of action. Walgreens now moves for summary judgment as to the Plaintiff's ADEA claim.

**II.  Standard of Review**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(a)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. See *id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning*

2

*v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

**III.   Analysis**

The Plaintiff asserts that the Defendant violated the ADEA when it terminated his employment. Under the ADEA, it is unlawful for an employer "to discharge any individual . . . because of such individual's age." 29 U.S.C. 623(a)(1).

To move past summary judgment on his ADEA claim, the Plaintiff must show that discrimination occurred through direct evidence or through circumstantial evidence using the same burden-shifting framework as is used in Title VII discrimination cases. *McDaniel v. National R.R. Passenger Corp.*, 705 Fed. Appx. 240, 244-45 (5th Cir. 2017); *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). Accordingly, the Plaintiff must

3

first establish a *prima facie* case of discrimination by providing evidence that (1) he belongs to a protected class; (2) he was qualified for the subject position; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class, or he can show that other similarly situated employees were treated more favorably. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the Plaintiff establishes a *prima facie* case, the Defendant must then produce evidence of the existence of a legitimate, non-discriminatory reason for the subject adverse action. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)). If the Defendant does so, then the burden shifts back to the Plaintiff to produce evidence that the Defendant actually took the adverse action because of the Plaintiff's age. *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 176 (2009).

In the case *sub judice*, for purposes of this motion, Walgreens does not dispute that the Plaintiff can establish a *prima facie* case of age discrimination. Accordingly, the burden shifts to Walgreens to articulate a legitimate, non-discriminatory reason for the Plaintiff's termination.

Walgreen's proffered reason for the Plaintiff's termination is that the Plaintiff engaged in inappropriate and unprofessional conduct in violation of company policy related to his comments to a lower-level employee, including asking her to sit on his lap. Given that Walgreens has proffered a facially non-discriminatory reason for the Plaintiff's termination, the burden now shifts back to the Plaintiff to produce evidence that Walgreens actually terminated his employment because of his age.

4

The Plaintiff has not met his burden. The Plaintiff does not deny that he asked a female co-worker to sit in his lap and that he told her, while rubbing his groin, that anything she could do for him would be pornographic [Doc. 51-2, at pp. 135, 138-41, 149-51]. The Plaintiff further does not deny that Walgreens investigated the incident and determined that the Plaintiff's conduct violated Walgreens' anti-harassment policy, and that Nicole Lewis, the District Manager over the Aberdeen store, determined that the Plaintiff's conduct warranted termination and then made the decision to terminate the Plaintiff's employment. [Doc. 51-2, at pp. 129, 149, 164]. The Plaintiff further admits that he has no reason to believe that Lewis, the sole decisionmaker with respect to the Plaintiff's termination, would discriminate against him because of his age. [Doc. 51-2, at p. 170].

The Plaintiff instead seeks solely to rely on ageist statements that Naomi Whooper, who was the store manager in Aberdeen at the time and played no role in the decision to terminate the Plaintiff's employment, allegedly made *after* the Plaintiff's termination from employment. Specifically, the Plaintiff seeks to rely on the deposition testimony of Annea Vance, who was the employee whom the Plaintiff asked to sit in his lap, that Whooper told her "one down, two to go" and "we're going to get rid of all these old people" after the Plaintiff's employment was terminated. [Doc. 51-6, at pp. 8-10].

The Court finds that Vance's testimony regarding Whooper's alleged statements constitutes hearsay, and the Fifth Circuit has long and clearly held that "[h]earsay cannot create a genuine issue of material fact" at the summary judgment stage of the proceedings. *Snapt Inc. v. Ellipse Communications Inc.*, 430 Fed. Appx. 346 (5th Cir. 2011) (*citing* Fed. R. Evid. 801(c)); *Porter v. Lear*, 751 Fed. Appx. 422, 430 (5th Cir. 2018). The Court further finds that Whooper's alleged statements do not fall under the exception to the

5

hearsay rule for admissions by a party opponent because, as the Fifth Circuit has likewise ruled, when the subject alleged statements concern an employee's termination from employment, the declarant must have been involved in the decision to terminate the employee before the exception applies. *Ramirez v. Gonzales*, 225 Fed. Appx. 203, 210 (5th Cir. 2007) (holding that such comments "do not fall within the party opponent exception" when the declarant was not involved in the decision to terminate employment); see also *Rios v. Rossotti*, 252 F.3d 375, 379 (5th Cir. 2001) (holding discriminatory statements are insufficient to create jury issue when statements were made by non-decisionmakers who did not exert leverage over decisionmaker). Here, it is undisputed that Whooper had no involvement in the decision to terminate the Plaintiff's employment, and there is no evidence she exerted any influence whatsoever over Lewis. Lewis was the sole decisionmaker and did not seek input from Whooper before terminating the Plaintiff's employment and no evidence has been presented that Lewis relied on any information from Whooper in making the termination decision or that Whooper had any input whatsoever into Lewis' decision; instead, Whooper was simply informed of the Plaintiff's termination after Lewis had made the decision. [Doc. 51-5, at pp. 26-7; Doc. 51-3, at pp. 18-19].[1] Accordingly, the Court finds that Whooper's alleged statements constitute inadmissible hearsay and cannot be used as direct or indirect evidence to attempt to create a genuine issue of material fact regarding the Plaintiff's claim. Given this finding, the Court rules

---

[1] For these same reasons, the Plaintiff's attempt to invoke the "cat's paw" theory of discrimination in relation to Whooper, *i.e.*, that Whooper had influence or leverage over Lewis as the sole official decisionmaker and that Whooper acted in a discriminatory manner intending to cause the Plaintiff's termination and that Whooper's discriminatory acts in fact caused the Plaintiff's termination, fails. The Fifth Circuit has never applied the cat's paw theory in an ADEA case and the Plaintiff did not submit sufficient evidence to support this theory.

6

that the Plaintiff has not provided sufficient evidence to show that a genuine issue of material fact exists regarding his ADEA claim, and summary judgment in favor of Walgreens is therefore warranted.

## IV. Conclusion

For all of the foregoing reasons, the Court finds that the Defendant's motion for summary judgment should be granted. The Court finds that there is no genuine issue of material fact with respect to the Plaintiff's sole remaining claim for age discrimination in relation to his termination from employment, the Defendant is entitled to judgment as a matter of law, and the Plaintiff's ADEA claim shall therefore be dismissed.

An order in accordance with this opinion shall issue this day.

This, the 22 day of February, 2021.

_____
SENIOR U.S. DISTRICT JUDGE